of County Commissioners et al. 15 minutes for plaintiff, 15 minutes to be shared by defendants. Ms. Kaler, you may proceed. Good morning. Good morning. My name is Lydia Kaler. I represent the appellant, Misty Coleman. I have reserved three minutes for rebuttal. Chief Judge Sutton, Judge Bush, Judge Murphy, may it please the court. Your Honors, this case arises from the appellant having been briefly detained in the Hamilton County Justice Center for a non-violent offense, during which time she sustained a grievous injury that was entirely preventable and was ultimately neglected by the officials who were in charge of her care. Clarifying question, was she a pre-trial detainee or somebody who had been convicted of a misdemeanor or something? She was a pre-trial detainee. So then it's not the 8th Amendment that applies here, right? It's the 14th Amendment? That is one of the multiple remedies that she has among the litany of claims that she has made, Your Honor. Because the Supreme Court and our court in recent cases has separated the two causes of action. It's actually easier to bring a 14th Amendment claim. They're more of an objective standard than an 8th Amendment claim. Your Honor, obviously this case has been pending for some time now. This is an incident that occurred all the way back in 2020. As I had indicated, when the appellant attempted to assert her rights by the filing of a state court action in the Hamilton County Court of Common Pleas, she prepared a complaint for her negligence and her civil rights claims that was compliant with the state law and the state court in which she filed. That complaint was thereafter removed to the federal court and was quickly and prematurely dismissed in a manner that completely prevented the appellant from being able to fully investigate and prove her claims. It's obviously unfortunate, the incident, but it didn't seem like a super complicated, you know, you don't need a lot of sleuths to figure out what happened and find out who the relevant state actors were. That is true, Your Honor, that it was a fairly simple injury that she sustained and it was a fairly short period of time in which all of the relevant events occurred. And, you know, in a perfect world she would have had access to all of that information from the outset, but unfortunately we don't get perfect cases and we don't get perfect clients. And so she proceeded with filing her state court complaint based upon the information that she had available at the time with the full intention of thoroughly investigating the case through discovery and was never afforded the opportunity to do that. How long was the case pending before it was dismissed? So there were quite a few procedural steps in this matter. The initial state court complaint was filed in May of 2022. It was removed to the federal court in June of 2022. And the incident was in 2020? Correct, yes. It was on June 18th, 2020. There was a motion to amend the complaint, at least initially. That happened rather quickly in July and August of 2020. What I'm getting at is one of the points I've read is that your client could have sought early discovery to discover the identities of these unnamed defendants. It was that available, I guess, in state court. Was it available in state court? And I assume it would have been available in federal court. Correct me if I'm wrong, and then I'm wondering how much time would you have had until the statute ran while you were in court? We're talking about a couple of months to do the discovery, to make the statute? It theoretically could have been available under state civil procedure code. How many months did you have before the statute? The statute would have run in what, August of 2022? The complaint was filed May 19th, 2022. The statute would have run on June 18th. Oh, it's June 18th. So you basically had a little over a month after filing. And was it removed before the statute had run? It was removed a little less than two weeks before the statute had run, Your Honor. And then as we have detailed in our brief, there was a pending motion to dismiss that was filed on October 3rd of 2022, to which the appellant responded. That motion was not ruled on until July of 2023. During that time, the appellant did engage in information gathering. Because the motion to dismiss was pending, that wasn't done through a formal discovery process. But at that time, she sent out numerous open records requests to obtain all of the information as to the names of the actual relevant individuals. Now, you seem to be relying on the U.S. Supreme Court case of Krupski for relating back. Yes, Your Honor. Which was not a situation where the defendants were John Doe named as John Doe defendants, right? Do you have a case where there was a John Doe defendant named where there was a relation back under something like Krupski? Your Honor, under the federal case law, that point is unfortunately not as favorable to the appellant. I've done extensive research on the issue and have not located a federal case that is favorable to the appellant on the relation back issue as it relates to John Doe defendants. And there's not been a ruling from the Sixth Circuit on that? Is that why you're bringing it here? Not that I have found, Your Honor. You're asking us to go contrary to all those other decisions? Your Honor, I think that it's a matter of first impression. I think that in all of the cases that are relied upon by the appellees and by the district court, the original action was brought in federal court. This is a situation where the original action was brought in state court, and in particular in Ohio State Court, which has a more liberal John Doe and Jane Doe pleading standard. Are you referring to the Ohio statute? What is that? 15? Is it Rule 15? I can't remember. It seems like there was a... What particular Ohio rule are you referring to? Your Honor, Ohio Civil Rule 15D states that when a plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff in such case must aver in the complaint the fact that he could not discover the name. The summons must contain the words name unknown, and a copy thereof must be served personally upon the defendant. It wasn't served on the defendant, was it? It was, so there are a couple of nuances to that. It was served on the original defendants in the complaint, which were the Hamilton County Sheriff's Office and Charmaine McGuffey, who was the then serving sheriff. The John Doe and Jane Doe jailer defendants were all officers of that defendant. Under the constructive notice rules and the identity of interest rules, the fact that they were in fact officials of the defendant who was served with the complaint that otherwise complied with the Ohio Civil Rule would have been sufficient to afford notice to them. So they were arguing that under just Ohio law that that would be the way a court would interpret Rule 15D? In other situations where I have seen John Doe's and Jane Doe's named in state court cases, I believe that is correct. Do you have any particular case that you can point to where that's been followed? Your Honor, in an Ohio case? Yeah. There are several cases cited in our brief, Your Honor, which indicates that basically the Ohio Supreme Court has on numerous decisions adopted the standard that's set forth in the Ohio Civil Rule. I've got a case here, a citation to Irwin v. Bryan, which seems to say that the summons has to contain the words, name unknown, and personally serve the summons on the defendant. And, Your Honor? You're saying that was complied with by this pleading? The summons did contain the words, name unknown. That was the summons that was issued by the Hamilton County Clerk of Courts at the time that the state court action was filed. It was personally served on the Hamilton County Sheriff's Office, and also copies, of course, were provided to counsel for the Sheriff's Office, who is also counsel for those individual defendants. What's your response to the argument that you forfeited this theory based on the Ohio rule because you didn't raise it in the district court? I certainly have seen that argument, Your Honor, and my response to that would be that this really appears to be a matter of first impression. There does not appear, through the research that I had done in drafting the briefs, that indicated that there was a case out there that related specifically to Ohio's John Doe and Jane Doe pleading standards, as they relate to state court claims that have been removed to federal court and then... But if it's an issue of first impression, why wouldn't that be an even better reason to raise it in the trial court? You want to really make a first impression by waiting until the Court of Appeals? That seems strange. Your Honor, I completely understand that point. It just is simply an issue where, when the trial court briefs were being prepared, obviously we were arguing the points of law that were out there and existing before the court and as they related to the individual facts of the case. And clearly we're focused on the fact that this case was dismissed very early before the appellant was really granted any chance to pursue her claims. There was only one reference to the argument that I'm making in the Smith v. City of Akron case where this court referred to it as a quote-unquote doubtful theory. But it seems that it is something that should be considered because under some of the choice of law and conflict of law cases where it is evaluated whether the application of a state procedural law or a federal procedural law is outcome determinative, I realize that typically arises in the context of diversity jurisdiction. But it seems that it would be an argument that would be fairly applied in this situation. Okay, thank you. Thank you, Your Honor. Good morning. Good morning, Your Honors. James Sayer on behalf of the Hamilton County Appellees. Reserving 10 minutes and then remainder for other defense counsel. I just want to start by addressing the point that my colleague made last, which is this issue of whether the Ohio pleading standard should apply here. Again, as you've pointed out, Your Honors, that argument was not raised in the district court case. That's pretty clear that when an argument is not raised in the district court, this is not the proper forum to bring it up. So to the extent that that argument has only been made in this forum, it should be disregarded as waived. But even if the court were to delve into this idea that the Ohio pleading standard should somehow be the one that controls here, counsel brought up the case Smith v. Akron. And while there's not a case directly on point that says yes or no, we will not or we will apply the Ohio pleading standard. As counsel said, Smith v. Akron looked at that argument and characterized it as doubtful. What about the federal rule itself? So the federal rule itself is Rule 15, I think it's 15C. C1A in particular? Yes. The law that provides the applicable statute of limitations allows relation back. Yes. So that statute, that rule requires, and this court has issued several opinions on this exact issue. All of those requirements must be met, including the mistake requirement. And this court has had two kind of salient interpretations on what mistake means. So one ruling that this court has routinely had is that a Jane or John Doe, identifying a person as a Jane or John Doe does not constitute a mistake under that rule. And the other interpretation that this court has made in terms of what is or isn't a mistake is that this rule is not intended to remedy the issue that appellant raises here, that the appellant did not know the identity of the party. So I thought mistake is in Federal Rule, Civil Procedure 15C1C2i. And then I'm talking about Federal Rule, Civil Procedure 15C1A. Aren't those independent routes for relation back? Or you're saying we have case law that collapses them? Your Honor, I believe the case law collapses those two and requires. But there's an or as a matter of first principles. When an amendment to a pleading relates back to the date of the original pleading when A, B, or C. Usually we interpret the or to be alternative routes to relate to satisfying whatever criterion it is. So, Your Honor, I don't have the rule handy in front of me. The arguments as to this relation back were directed really at this Rule 15C, which is the mistaken identity rule. No, I agree. I don't think 15. I just don't want to make bad law here. And 15C1A, which wasn't necessarily cited, does seem to suggest that this is one of the rare instances which in which the federal rules of civil procedure could incorporate state law pleading rules. To that, Your Honor, I would just go back to Smith v. Akron. That was another case where the claim began in state court and it was removed. So in that situation, even then, the court characterized this theory as quote-unquote doubtful. So the normal route in federal court under the federal rule is you do John Doe. Ideally you do it earlier in the two-year window and then you get quick discovery. Is that the way this normally works to avoid the statute of limitations problem? So I'll confess, Your Honor, I have not had a case where this issue has come up before. This is the first time I've had to deal with this specific sort of fact pattern. But it's not unusual if you've got a short stay in a jail not to be able to know who all these people are. Sure. And there are a number of remedies that, and this goes to the equitable tolling argument that that appellant has brought up. But there are a number of ways that the appellant could have determined this information before even filing the complaint. As counsel alluded to, Ohio has a very open Public Records Act. There's been no allegation that she attempted to ascertain the identities of these individuals through that mechanism prior to filing the complaint. And then as pointed out by Judge McFarland in his decision, there is a federal rule that permits early discovery. And this certainly would have been the scenario in which a court might have granted early discovery, may even have told the statute a little bit to allow that discovery to take place. And that was not attempted, the appellant didn't attempt to do discovery until over a year after the statute ran, and only when she was prompted to by Judge McFarland. Well, those options are somewhat unrealistic if you file six weeks before the statute ends. And to that, Your Honor, my clients have no control over when plaintiffs file these cases. We're presented the case as it's presented to us, and it's a two-year statute of limitations. There was plenty of time for appellant to determine this information prior to that. And that her delay in bringing this action, and without knowing the identities of the proper party, should not inure to the prejudice of my clients who, for several years, had no idea that this was pending. Was it in the record that her delay was related to her discovery of the extent of her injury? So there were no allegations that she did not discover the extent of her injury in the complaint. We're all here on the allegations in the complaint. And there are no allegations on the appellant's side that she was not aware of the extent of her injury. And even if she was, Your Honor, it's the existence of the injury that triggers the beginning of the statute, not the full extent. I'm just trying to understand why she delayed. There's nothing in the record to explain why she delayed. No, there is nothing, Your Honor. Why shouldn't we hold that against you because we're at the pleading stage? So I'm not convinced that abuse of discretion review is the appropriate way to think about equitable tolling at the pleading stage. So usually at the pleading stage, you just ask, does the complaint state a claim? The plaintiff doesn't have the burden of pleading that the claim is timely. But the plaintiff can plead themselves out of court by showing that it's not timely, like pleading facts to show it's untimely. Sure. Then why does equitable tolling, do we just look at the allegations themselves to determine whether equitable tolling might apply? I mean, we could look at the allegations, Your Honor. We could also look at the arguments that have been made. Usually at the motion to dismiss stage, it's black letter law that you're limited to the four corners of the complaint. That's also what I was – the parties were debating outside the complaint materials about what she did and did not do, none of which were really in the complaint. And I was just unsure whether that was the appropriate way to think about equitable tolling at the pleading stage. Sure, Your Honor. As to some of the arguments that were made outside of the complaint, one of them that has come up is are these open records act requests that appellant made? And even if the court assumes that those requests were made when the appellant made them, they were still well after the statute ran. Now, equitable tolling – Were they in the complaint? So why wouldn't the easier solution be if you've pled an untimely claim, then the plaintiff who has the burden on proving equitable tolling needs to plead facts that suggest equitable tolling might apply? And, Your Honor, the appellant did not do that in this case. There are multiple requirements that this court has enunciated for equitable tolling. Lack of actual or constructive notice of a claim, that's not present here. She knew she had a – she's presumed to know she had a claim due to the fact of her injury. Plaintiff's diligence in ascertaining the identities of these parties. There's no evidence on the record that she exercised any – When you say evidence, do you think that – do you think it should – this equitable pleading at this stage of the – or equitable tolling at this stage of the case, it's not about evidence. It's just about the allegations in the complaint, typically for a motion to dismiss. It seems unusual for me – to me, for us to be looking outside the complaint to determine whether we should grant a motion to dismiss or the district court should have. And to that, Your Honor, it would have been very simple for an appellant to insert an allegation or complaint that she exercised extreme diligence to ascertain the identities of these parties. That would have been a factual allegation that Judge McFarlane would have accepted as true for the sake of a motion to dismiss, and it's not present. Another is – the two other requirements that this court typically requires is absence of prejudice and reasonableness in remaining ignorant. Neither of those factors are in the appellant's favor either. And with that, I think my time is up, so I will defer to my co-counsel. Thank you, Mr. Serra. We'll hear from Mr. Foley. Good morning, Chief Judge, Judge Bush, Judge Murphy. My name is Mike Foley. I represent the defendants, the appellees, NAFCAIR, Inc., and individual employee nurses Michael P. Graham, Laura Slack, Jenna Ward, and Donald Hahn. This case is solely based on our motion for judgment on the pleadings, which is essentially a motion to dismiss. In this case, our position was we were not put on any notice at any point in time that there was a potential lawsuit against this entity. This entity is separate from the county. It contracts under government contract law, Ohio government contract law, so it's a public contract under the circumstances. You don't get notified by the county when there's a lawsuit? No.  We were not notified of any. Why is that the plaintiff's problem? It's not, Your Honor. My point is that under the relation back case law, we were not reasonably on notice that we could be potentially part of this claim in this case, and we weren't even provided any notice that there was going to be a potential lawsuit. We couldn't possibly. None of my clients were even aware of a lawsuit until three years and three months after the cause of action accrued. And there is this element of prejudice to the client. We have these employees that are no longer with the company. There's issues that could arise as a result of that. And the case law is pretty clear in the Sixth Circuit, and I know the courts discussed this already, but Smith versus the city of Akron clearly stated that absence of knowledge is not a mistake. And the appellants admitted in their complaints that they did not know the identity of the nursing staff. Do you think your client is a little bit different? We could be clarifying the law additionally here because, sure, saying Jane Doe or John Doe is not a mistake, but if you say Jane Doe or John Doe comma Hamilton County official, that was a mistake because it should have been Jane Doe or John Doe NAFCA employee. Do you think that should make a difference because they were mistaken about the employer? No, I don't. I think that's simply absent of knowledge of who they should have sued. They just didn't know the identity of who my clients were. And when they originally filed suit, they said employees in the capacity of Hamilton County. They never mentioned – there was no John Doe Corporation ever asserted. Let me go back to that Krupsky case, and I should know this, but do you know from that case whether the owner of the cruise ship that should have been sued knew about the marketing and sales company that did get sued? Because I'm trying to see if there's an analogy here where they had no knowledge. I don't believe they did, Your Honor, in that case, but I can go to another case that – Well, if they had no knowledge in Krupsky and the court said it related back, wouldn't there be an analogy here that would be adverse to you, that your argument of you're not knowing doesn't – it's not really what you know. It's what the plaintiff thought. And so if you're looking at it from that angle, you could say in Krupsky, the plaintiff thought it was the marketing company that should be sued and named that entity, whereas here the defendant or the plaintiff here thought it was the jail that should be – or the city that should be sued. That's correct, Your Honor. They thought they were wrong on the identity of who it should have been. I mean, they got the Jane Doe thing. That's a problem. But on the other hand, though, they did at least get – they thought they were – they were mistaken as to which entity they should be suing ultimately or who these employees were. How about you answer the question this way? They actually do a massive investigation. They decide after they see all the agreements between NAFCA and the county that you have to sue NAFCA. They sue NAFCA. The documents are produced and they show no, no, no, no, you have to sue the county. That would be a mistake. It's a total investigation. So this shows how absence of knowledge can slide into mistake. I understand that, Your Honor. But I think the analogy more would be if you, for instance, sued John Doe Trucking Company and their driver and the driver was the wrong driver but you had the right company. That's not what happened here. And their due diligence – well, I'm out of time. You can finish this point. But the point is that they didn't show any evidence that they made any attempts to determine who we were and we were never notified of the lawsuit. An absence of knowledge by this court has concluded that that's not a mistake. Okay. Thank you very much. We appreciate it. Ms. Keller, you've got a few minutes for rebuttal. Thank you, Your Honor. I did just want to clarify a point that was raised by Mr. Sayer in his argument in which it was represented that there were no allegations within the four corners of the complaint as to the appellant's diligence. Located at page ID number 23 of the record, the complaint actually does allege that the John Doe defendants are identified as Hamilton County sheriffs, deputies, officers, nurses, and or other employees whose identity could not be ascertained prior to the filing of this complaint despite the due diligence of the plaintiff. The plaintiff will seek the identities of these individuals through the course of discovery and, if necessary, will seek leave to amend this complaint to add these individuals as defendants. I actually don't agree with the argument that the plaintiff is required to affirmatively plead facts that would anticipate defenses that would be raised by the defendants. This is a tricky situation because equitable tolling is the plaintiff's burden. So I'm with you that the plaintiff does not have to plead facts to show the claim is timely because statutes of limitations are affirmative defenses, and the defendant has the burden of proving it's untimely. But the tricky part is equitable tolling is kind of a defense to a defense, and it's the plaintiff's burden to prove to establish equitable tolling. So why shouldn't the law be if the plaintiff does plead facts that show the claim is untimely, then if the plaintiff wants to take advantage of equitable tolling, the plaintiff has to plead additional facts showing that equitable tolling should apply because it's the plaintiff's burden. Your Honor, my response to that would be that, again, requiring that at the initial pleading stage would essentially impose a new duty of discovery on a plaintiff prior to filing their initial complaint. I think we raised the point in our brief that it actually is an issue of fact as to whether there are additional facts that would justify the application of equitable tolling or the discovery rule or the relation back doctrine that would preclude this claim from being dismissed at the dismissal stage. That might be something that the defendants could raise on summary judgment after the plaintiff had the opportunity to actually do the discovery and establish a rule. Do you think, though, that so we do have case law kind of frowning upon dismissals based on statute of limitations, but we say it's conceivable. If you are correct that all the plaintiff has to do in response is say equitable tolling might apply in a brief, is it really conceivable to think that a statute of limitations defense should ever be successful at the motion-to-dismiss stage because the plaintiff could always say, well, equitable tolling might apply? Your Honor, I think it's certainly conceivable. I just don't think it's applicable in this situation. I think that the constellation of allegations that were raised in the complaint were more than sufficient to overcome a motion to dismiss. All right. Thank you very much. Thank you, Your Honor. Thank the three of you for your helpful briefs and our arguments. We appreciate them. The case will be submitted, and the clerk may call the third case.